```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/11/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TREYSHAWN BREWSTER,

                      Plaintiff,

-against-

MATAKA AIMES, et al.,

                      Defendants.

24-CV-00882 (MMG)

**ORDER OF SERVICE**

MARGARET M. GARNETT, United States District Judge:

    Plaintiff, who currently is incarcerated at Gouverneur Correctional Facility, brings this action *pro se*, under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights while he was detained in the Anna M. Kross Center on Rikers Island. Named as Defendants are Officer Mataka Aimes, Officer Yancy, "Captain G.," Rikers Island, and the New York City Department of Correction ("DOC"). By order dated March 7, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] Dkt. No. 13.

    As set forth in this order, the Court dismisses the claims against (1) Defendants Rikers Island and the DOC; (2) adds as a defendant the City of New York under Rule 21 of the Federal Rules of Civil Procedure; and (3) requests that Defendants City of New York, Officer Aimes, Officer Yancy, and Captain G. waive service of summons.

**I.    STANDARD OF REVIEW**

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## II. DISCUSSION

### a. Dismissing Rikers Island and the New York City Department of Correction

Plaintiff's claims against Rikers Island and the DOC must be dismissed because they are not entities that can be sued under the New York City Charter.  Rikers Island is a jail operated by the DOC, and the DOC is an agency of the City of New York.  Because an agency of the City of New York is not an entity that can be sued, the DOC and its jails cannot be sued.  N.Y. City Charter, ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").  The Court therefore dismisses Plaintiff's claims against Rikers Island and the DOC for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### b. Adding City of New York

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York,

2

and directs the Clerk of Court to amend the caption of this action to replace Rikers Island and the DOC with the City of New York.  *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses the City of New York may wish to assert.

### c. Waiver of Service of Summons for the City of New York, Officer Aimes, Officer Yancy, and Captain G.

The Clerk of Court is directed to notify the DOC and the New York City Law Department of this Order.  The Court requests that Defendants City of New York, Officer Mataka Aimes (#5739), Officer Yancy (#5363), and Captain G. (#1046) waive service of summons.

### d. Discovery Under Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#)  Within 120 days of the date of this order, Defendants must serve responses to those standard discovery requests.  In their responses, Defendants must quote each request verbatim.[2]

## III.  CONCLUSION

The Court dismisses Plaintiff's claims against Rikers Island and the New York City Department of Correction.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk of Court is directed to add the City of New York as a defendant under Fed. R. Civ. P. 21.

The Clerk of Court is also directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order.  The Court

---

[2] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

requests that Defendants City of New York, Officer Mataka Aimes (#5739), Officer Yancy (#5363), and Captain G. (#1046) waive service of summons.

Within 120 days of the date of this Order, pursuant to Local Rule 33.2, Defendants must serve responses to the specific, court-ordered discovery requests.

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: March 11, 2024
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge