USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/22/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TREYSHAWN BREWSTER,

                  Plaintiff,

          -against-

MATAKA AIMES, et al.,

                Defendants.

24-CV-00882 (MMG)

**ORDER OF SERVICE**

MARGARET M. GARNETT, United States District Judge:

Plaintiff, who currently is incarcerated at Gouverneur Correctional Facility, brings this action *pro se*, under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights while he was detained in the Anna M. Kross Center ("AMKC") on Rikers Island. Named as Defendants are Officer Mataka Aimes, Officer Yancy, "Captain G.," and the City of New York. By order dated March 7, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] Dkt. No. 13.

By Order dated March 11, 2024, the Court requested that Defendants City of New York, Officer Mataka Aimes (#5739), Officer Yancy (#5363), and Captain G. (#1046) waive service of summons. Dkt. No. 15. On April 9, 2024, the New York City Department of Correction ("DOC") filed an executed waiver of service as to Defendant Officer Yancy, Dkt. No. 17, but also filed an unexecuted waiver of service as to Defendants Officer Mataka Aimes and Captain G., Dkt. No. 18, stating that it was not able to identify DOC employees that match Defendants Officer Mataka Aimes and Captain G's names and shield numbers. On April 10, 2024, the New York City Law Department (the "Law Department") filed a statement of waiver of service as to

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Defendant City of New York.  Dkt. No. 19.  On April 15, 2024, the Court issued a *Valentin* Order directing the Law Department to provide residential addresses where Defendants Officer Mataka Aimes and Captain G. may be served.  Dkt. No. 21.  Defendants complied with the Court's *Valentin* Order through submission of a status report on July 12, 2024.  Dkt. No. 30.

As set forth in this order, the Court (1) dismisses the claims against Defendant Mataka Aimes; (2) adds as a defendant Officer Ronald McNair under Rule 21 of the Federal Rules of Civil Procedure; and (3) requests that Defendants Officer McNair and Captain Gibson waive service of summons.

## I.    STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## II.    DISCUSSION

### a.  Adding Officer Ronald McNair as a Defendant

In light of Plaintiff's *pro se* status and clear intention to assert claims against Officer Ronald McNair, who was interviewed in connection with the Court's *Valentin* Order and "confirmed he remembered the incident[,] wrote the Use of Force Report for the October 8, 2022

Incident," and "confirmed he worked alone at the date of the incident and no other officers were present," Dkt. No. 30 at 2, the Court construes the complaint as asserting claims against Officer Ronald McNair. The Court directs the Clerk of Court to amend the caption of this action to add Officer Ronald McNair as a defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Officer McNair may wish to assert.

### a.  Captain Shaday Gibson

Through its investigation, the Law Department learned that the individual referred to as "Captain G." in Plaintiff's complaint is Captain Shaday Gibson, Shield Number 1046. Dkt. No. 30 at 2. The Court directs the Clerk of Court is amend the caption of this action to replace "Captain G." with Captain Shaday Gibson.

### b.  Dismissing Officer Mataka Aimes

As discussed above, Defendant McNair confirmed that he was the only officer present at the incident described in Plaintiff's complaint. *See* Dkt. No. 30 at 2.[2] Officer McNair further advised that he "does not recall a 'Mataka Aimes' present at this incident or ever working with a 'Mataka Aimes' during his time at DOC." *Id.* In the paperwork concerning the incident described in Plaintiff's complaint, there is no mention of an individual named "Ames" or "Aimes." *Id.* Furthermore, "DOC records indicate on October 8, 2022, plaintiff was handed from Officer McNair to Captain Shaday Gibson in Intake who then escorted plaintiff to the Medical Clinic with Officer Yancey as the clinic officer. Defendants can find no mention of an officer named 'Ames' or 'Aimes' interacting with plaintiff on October 8, 2022."

---

[2] During its investigation, Defendant City of New York identified a Correction officer named Justin Ames who worked for DOC at the time of the incident described in Plaintiff's complaint. Dkt. No. 30 at 2. After reviewing records relevant to the incident and interviewing Officer Ames, Defendant City of New York concluded that "Officer Justin Ames was not involved in the October 8, 2022 incident." *Id.*

There is no evidence to suggest that an officer names Mataka Aimes had any involvement whatsoever with the incident described in Plaintiff's complaint, nor is there any evidence that the individuals with knowledge of these events are aware of an officer names Mataka Aimes, nor that DOC has ever employed an officer named Mataka Aimes (or similar). The Court therefore dismisses Plaintiff's claims against Mataka Aimes for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### c. Waiver of Service of Summons for Officer McNair and Captain Gibson

The Clerk of Court is directed to notify the DOC and the New York City Law Department of this Order. The Court requests that Defendants Officer Ronald McNair and Captain Shaday Gibson waive service of summons.

## III.    CONCLUSION

The Court dismisses Plaintiff's claims against Officer Mataka Aimes. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court respectfully directs the Clerk of Court to amend the caption of this action to (1) removed Officer Mataka Aimes; (2) add Officer Ronald McNair, ID #5739, as a defendant; and (3) replace "Captain G." as a defendant with Captain Shaday Gibson.

The Clerk of Court is also directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that Defendants Officer Ronald McNair and Captain Shaday Gibson waive service of summons.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: July 22, 2024
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge