UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

TREYSHAWN BREWSTER,

                              Plaintiff,

       -against-

OFFICER YANCY, et al.,

                              Defendants.

------------------------------------------------------------------- X

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

24 Civ. 882 (MMG)(SN)

**WHEREAS** the parties believe that certain information discoverable in this case and that will be produced by a "disclosing party" to a "receiving party" consists in sensitive personal information or other confidential information;

**WHEREAS** the parties believe that good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendant(s), that documents and information shall be produced in accordance with the terms set forth below:

1. As used herein, "Confidential Material" shall mean:

    (A) Department of Corrections ("DOC") employment/personnel related records;

    (B) Records of investigation regarding the conduct of members of DOC conducted by DOC and other agencies;

    (C) Disciplinary histories and other records from the Investigation Division, any other DOC division, or any other governmental agency for the individual Defendants or non-party officer;

    (D) Medical records and confidential legal records, including but not limited to

1

        medical files, medical reports, and non-public criminal history;

    (E)    DOC policies including but not limited to the non-public sections of the Employee Handbook, Directives, Administrative Guide, Operation Orders, and training manuals;

    (F)    Video and audio recordings in which a non-party correctional inmates can be identified; and

    (G)    Other documents and information that the disclosing party in good faith believes will result in harm if disclosed to the other party without restriction upon further disclosure.

2.    The documents and information defined in paragraph 1 shall not be Confidential Material to the extent that they are: (a) lawfully obtained by a receiving party from sources other than the disclosing party, or (b) are otherwise publicly available.

3.    Nothing in the Confidentiality Stipulation and Protective Order shall be construed as an agreement to produce any category of discovery materials or as a waiver of any objection to the discoverability, relevance, or admissibility of any matter.

4.    Nothing in this Confidentiality Stipulation and Protective Order shall limit a party's right to redact privileged information before producing any document to plaintiff.

5.    Any documents provided by a third party in this action, by request or pursuant to a subpoena, and that are designated as Confidential Material by a party shall be governed by the terms of this Confidentiality Stipulation and Protective Order.

6.    After a non-party produces documents or information in this action, the parties shall have thirty days to designate any portions of it as Confidential Material, and until the thirty days have elapsed all of it shall be treated as presumptively Confidential Material.

7. The parties shall designate documents Confidential Material by labeling such documents "Confidential" and/or by describing such documents by bates number in a writing directed to the receiving party.

8. The inadvertent disclosure of a document or information without designating it as Confidential Material shall not constitute a waiver of the right to do so post-production. The parties may designate any document confidential pursuant to this Confidentiality Stipulation and Protective Order if necessary after production of such documents. If so designated, the document or information shall thenceforth be treated as Confidential Material subject to all the terms of this Confidentiality Stipulation and Protective Order. Individuals who reviewed the non-designated material prior to notice of their new confidential designation shall abide by the provision of this Confidentiality Stipulation and Protective Order with respect to all future use and disclosure of said material.

9. Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B) govern inadvertently produced information to which those rules are applicable.

10. If a receiving party or anyone on a receiving party's behalf makes public representations, the substance of which is Confidential Material, the disclosing party may move the Court on an expedited basis for relief.

11. If a receiving party objects to the designation of any particular document or information as Confidential Material, the receiving party shall state such objection in writing, and the parties shall then endeavor to meet and confer in good faith to attempt to resolve the objection. If the objection cannot be resolved among the parties, then the receiving party may request that the Court remove the designation. Any such documents or information shall be treated as Confidential Material until the parties resolve the objection or there is a resolution of the designation by the Court.

12. To the extent such information must be provided to receiving party's attorney,

receiving party's attorney shall keep confidential for "attorney's-eyes-only" the personal identifying information (including, but not limited to, victim/witness names, social security number, date of birth, driver's license, address, telephone number, financial account numbers, passwords, or other information that may be used for identity theft and other contact information) of civilian victims/witnesses identified by defendants. Such information shall be used only by the receiving party's attorney or his/her law firm or agents for the purpose of communication with witnesses, or the service of subpoenas, and shall not be disclosed to plaintiff, his/her family members, or other persons. Such information shall not be included in documents publicly filed with the Court or disclosed in any documents used at depositions.

13. A receiving party shall not disclose Confidential Material to any person other than

    a. a party, an attorney for that party, or any member of the staff of that attorney's office;

    b. a witness in preparation for testimony at a deposition or trial;

    c. a witness, court reporter/stenographer and/or videographer at deposition or trial;

    d. the Court;

    e. outside litigation support vendors;

    f. independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of the litigation, provided that the requirements of paragraph 14 are complied with prior to any disclosure.

14. None of the following is bound by or obligated under this Confidentiality Stipulation and Protective Order to treat information designated as Confidential Material in any particular manner: the Court (including the Court having jurisdiction of any appeal), court personnel, court reporters working for the Court, translators working for the Court, and any jury

impaneled in this action.

15. Other than those identified in paragraph 13 above, each person to whom Confidential Material is disclosed shall be informed of the terms of this Confidentiality Stipulation and Protective Order and agree to be bound by it before disclosure to such persons of any such information. The persons described in paragraph 12(e) and (f) shall not have access to Confidential Material until they have certified that they have read this Confidentiality Stipulation and Protective Order and have manifested their assent to be bound thereby by signing a copy of the form annexed hereto as Exhibit A. The receiving party shall retain the signed consent form and furnish a copy to the disclosing party's attorney upon request, although the name of an expert that the receiving party does not intend to call as a trial witness may be redacted from such consent form before it is produced.

16. Deposition testimony concerning any Confidential Material which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be deemed to be Confidential Material within the meaning of this Stipulation of Confidentiality and Protective Order.

17. If Confidential Material is disclosed at a deposition, the parties may designate those deposition exhibits and portions of deposition testimony as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Material, and can request that the court reporter/stenographer bind the designated testimony as a separate transcript and with a cover page prominently marked "Confidential Information Governed by Confidentiality Stipulation and Protective Order;" or (b) notifying the court reporter/stenographer and all attorneys of record, in writing, within 30 days after a deposition transcript has been received (during which time the entire deposition will be considered Confidential Material), of the specific pages and lines of the transcript that are to be designated Confidential Material, in which event the parties receiving the transcript will be responsible for marking

the copies of the designated transcript in their possession or under their control. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Confidentiality Stipulation and Protective Order. Failure to make such designations does not constitute a waiver of confidentiality.

18. If any paper which incorporates any Confidential Material or reveals the contents thereof is filed in this Court, the filer shall seek leave to file those portions of the papers under seal, in accordance with the Local Rules and/or the Individual Rules of the judge to whom the papers are directed.

19. If any paper which incorporates any Confidential Material or reveals the contents thereof is filed in this Court, but the confidential information is not material to issues addressed in court submissions, and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

20. In the event that the Confidential Material or the contents thereof may be disclosed at a court hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Material. Plaintiff agrees to meet and confer in good faith regarding the redaction of any Confidential Material that plaintiff may seek to enter into evidence at a court hearing or trial.

21. This Confidentiality Stipulation and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Material is produced or disclosed. All documents or information that have been designated Confidential Material pursuant to this Confidentiality Stipulation and Protective Order, including all copies and non-conforming copies thereof, shall remain confidential for all time.

22. Within 30 days after the termination of this Action, including any appeals, the Confidential Material, including all copies (other than the Court's copies of such material), shall be returned to defendants' attorneys or, upon defendants' attorneys' consent, destroyed; except that plaintiff's attorney shall retain one copy of the Confidential Material, and any Confidential Material

containing plaintiff's attorney work product (including but not limited to, notes, and other materials containing or referring to the contents of Confidential Material), so long as appropriate and reasonable safeguards (at least as stringent as those used to protect plaintiff's own information of similar nature) are imposed to prevent the use of the Confidential Material for any other purpose.

23. This Confidentiality Stipulation and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

24. The Court will retain jurisdiction over all persons subject to this Confidentiality Stipulation and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: New York, New York

    April 24, 2025

| | |
|---|---|
| THE LAW OFFICE OF IHSAN DOGRAMACI<br>*Attorney for Plaintiff*<br>20 W 20th St., Suite 305<br>New York NY 10001<br>646-234-8639 | MURIEL GOODE-TRUFANT<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for Defendants*<br>100 Church Street, 3rd Floor<br>New York, New York 10007 |
| By: /s/ Ihsan Dogramaci<br>    IHSAN DOGMACI | By: *Seamus O'Connor*<br>    SEAMUS O'CONNOR<br>    *Assistant Corporation Counsel* |

**SO ORDERED.**

                                    SARAH NETBURN
                                    United States Magistrate Judge

Dated: April 25, 2025
       New York, New York