**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

TREYSHAWN BREWSTER,

                          **Plaintiff,**

        -against-

C.O. YANCY, et al.,

                          **Defendants.**

---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __ 1/2/2026 __

24-CV-00882 (MMG)(SN)

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

Under New York law, a plaintiff may proceed against a John Doe defendant if the plaintiff (1) exercised due diligence, before the running of the statute of limitations, to identify the party by name; and (2) described the John Doe party in such a manner as to fairly apprise the party that he is the intended defendant. N.Y. CPLR § 1024; Hogan v. Fischer, 738 F. 3d 509, 518-19 (2d Cir. 2013). Because Plaintiff has met both requirements, the motion to amend is GRANTED.

**BACKGROUND**

Plaintiff seeks to amend his complaint to name Captain Cossette Christian and Correction Officers Christopher Mullings, William Medina, and Antoine High, each of whom is alleged to have been involved in a search of Plaintiff's New York City jail cell on October 11, 2022; Captain Christian was also involved in an incident on October 23, 2022.[1] Plaintiff filed his motion on October 21, 2025.[2] ECF No. 87.

---

[1] Plaintiff also intends to drop as parties Deputy Wardens Shakeema Cooke and Duayne John. See ECF No. 88, Plf. Br., at 3 ("Plf. Br.").
[2] Defendants do not oppose the motion to amend the complaint to name Captain Christian in connection with the October 23, 2022 incident. See ECF No. 94, Def. Br., at 4, n.2 ("Def. Br.").

Plaintiff commenced his lawsuit without a lawyer. He filed a *pro se* amended complaint on September 17, 2024, in which he alleged that "a group of C.O.'s and a captain" strip searched him on October 11, 2022, and then searched his cell. ECF No. 33, Am. Compl., at 6. The search team "threw food all over [his] bed" and then told him to leave. Id. When he returned, his "sheets [were] soaked with toilet water," and "'SMD' which stands for 'Suck My Dick' was written on [his] sheets as well." Id. The Court granted Plaintiff *pro bono* counsel in January 2025, see ECF No. 43, and, four months later, counsel moved to file a second amended complaint, which defendants did not oppose. ECF No. 57. Among other things, the second amended complaint explicitly named John Does 1-6 as being the correction officers responsible for the October 11, 2022 search. See ECF No. 57-1 at ¶¶ 10, 73.

As late as June 16, 2025, defense counsel represented to the Court that he had not yet located the log to identify the John Doe defendants involved in the October 11, 2022 search. See ECF No. 64. The Court ordered defendants to locate and produce the log within two weeks, see ECF No. 66, and Defendants eventually produced it on July 15, 2025. See Def. Br. at 2. Two individuals involved in the search, Officer Brandon Hyde and Captain Cosette Christian, were deposed on August 7, 2025, and September 10, 2025, respectively. Id.

To assist Plaintiff in identifying the individuals involved in the search, Plaintiff's counsel requested photos of the officers listed on the log to show to Plaintiff. Id. This show-up proved complicated because Plaintiff is incarcerated, and therefore he was unable to view the photos until September 22, 2025. Immediately thereafter, Plaintiff's counsel informed defense counsel of the new parties who would be named based on Plaintiff's identification, and defense counsel indicated it would likely consent to the amendment. ECF No. 89, Dogramaci Decl., at ¶ 7. Four days later, on September 26, 2025, Plaintiff's counsel identified the four John Does as

defendants in writing. Id. Plaintiff's counsel sent defense counsel a proposed Third Amended Complaint on October 19, 2025, at which time, defense counsel stated that it would oppose the amendment as to the October 11, 2022 search on timeliness grounds. See Plf. Br. at 4–5. This motion followed two days later.

## DISCUSSION

The statute of limitations for a § 1983 claim in New York is three years. See Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009); CPLR § 214. "Rule 15(c)(1)(A) [of the Federal Rules of Civil Procedure] permits an amended pleading to relate back when the law that provides the applicable statute of limitations allows relation back." Hogan, 738 F.3d at 518 (internal quotation marks omitted). Under New York law, a party seeking relation back for a previously unknown defendant may utilize CPLR § 203 (New York's general relation back statute) or CPLR § 1024 (New York's John Doe procedural rule). Plaintiff relies on CPLR § 1024. "New York courts have interpreted this section to permit John Doe substitutions *nunc pro tunc*." Hogan, 738 F.3d at 518–19 (collecting cases). A plaintiff must meet two initial requirements under CPLR § 1024: "First, the party must 'exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name.'" Id. at 519. (quoting Bumpus v. N.Y.C. Transit Auth., 883 N.Y.S.2d 99, 104 (2d Dep't 2009)). "Second, the party must describe the John Doe party 'in such form as will fairly apprise the party that [he] is the intended defendant.'" Id. (quoting Bumpus, 883 N.Y.S.2d at 104). To satisfy the due diligence requirement, the plaintiff must "show that he or she made timely efforts to identify the correct party before the statute of limitations expired," such as "serving discovery demands on any known parties or seeking disclosures pursuant to a Freedom of Information Law ('FOIL') request." Cotto v. City of New York, No. 15-cv-9123 (RWS), 2017 WL 3476045, at *5

3

(S.D.N.Y. Aug. 11, 2017) aff'd, 2020 WL 1228765 (2d Cir. Mar. 13, 2020) (internal quotation marks omitted). "Federal and New York courts have held that where there is no indication in the record that a plaintiff has exercised due diligence *prior to* the expiration of the statute of limitations, a plaintiff is not entitled to make use of the 'John Doe' procedure provided in CPLR § 1024." Ceara v. Deacon, 68 F. Supp. 3d 402, 409 (S.D.N.Y. 2014) (collecting cases) (emphasis added).

Plaintiff, proceeding *pro se*, described the October 11, 2022 search conducted by "a group of C.O.'s and a captain" in his amended complaint filed on September 17, 2024. ECF No. 33-1 at 6. Those individuals were then named as John Does 1-6 in the second amended complaint filed by his counsel on June 18, 2025. See ECF No. 70 at ¶ 10. Both filings were well before the three-year statute of limitations had run and described the John Doe parties with sufficient particularity to apprise the parties that they were the intended defendants.

By June 11, 2025, Plaintiff's counsel filed a letter motion with the Court complaining that Defendants had still not identified the officers involved in the October 11, 2022 search despite the discovery requirements of Local Civil Rule 33.2. See ECF No. 62. As described above, counsel diligently sought this information through the search log and a photo show-up. See Def. Br. at 2. Once Plaintiff viewed the photos, he immediately identified the officers—all before the statute of limitations had run. See ECF No. 89 at ¶ 7.

Defendants argue that Plaintiff (1) should have moved to add Captain Christian after his deposition confirmed his involvement on September 10, 2025; and (2) should have moved to amend to name the other John Does after the Plaintiff viewed the photos on September 22, 2025. See Def. Br. at 7. The due diligence standard, however, does not require immediacy; it requires diligence. Plaintiff sought this information arguably since his amended complaint was filed on

4

September 17, 2024, and certainly since June 2025, through counsel's discovery motion. Despite delays in producing the search log and complications related to the photo show-up, Defendants were advised of the proposed amendment before the statute of limitations had run. Plaintiff's motion—filed just ten days after the statute of limitations expired—satisfies the requirements for amendment under CPLR § 1024.[3]

### CONCLUSION

The motion to amend the complaint is GRANTED. Plaintiff shall file the third amended complaint no later than January 9, 2026. The Clerk of Court is requested to grant the motion at ECF No. 87.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    January 2, 2026
          New York, New York

---

[3] Defendants even acknowledge that Plaintiff's counsel advised Defendants of their intention to name the John Does *before* the statute of limitations expired, and state that they would have "consented" to an extension request to file the motion to amend. See Def. Br. at 7–8. Their opposition now is unreasonable.